**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1269

RANA QAZAFI YOUSAF; ABASON QAZAFI RANA,

Petitioners,

versus

ALBERTO R. GONZALES, Attorney General; CALVIN
MCCORMICK, Director, Immigration and Customs
Enforcement,

Respondents.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A96-289-953; A96-289-954)

Submitted: October 23, 2006          Decided: December 4, 2006

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

John E. Gallagher, GALLAGHER & HANSEN, L.L.P., Catonsville,
Maryland, for Petitioners. Peter D. Keisler, Assistant Attorney
General, James A. Hunolt, Senior Litigation Counsel, Office of
Immigration Litigation, Civil Division, Bethany B. Hauser, Tax
Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rana Qazafi Yousaf[1] and Abason Qazafi Rana, natives and citizens of Pakistan, petition for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture.[2]

Yousaf challenges the Board's finding that his testimony was not credible, and that he otherwise failed to meet his burden of proof to qualify for asylum. We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted), and uphold credibility determinations if they are supported by substantial evidence. See Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006).

We have reviewed the administrative record and the Board's decision and find that substantial evidence supports the adverse credibility finding and the ruling that Yousaf failed to establish past persecution or a well-founded fear of future

---

[1]Yousaf is the principal applicant for relief in this case. Rana, his wife, is a party to the petition for review but she raises no claims independent of Yousaf's.

[2]As Petitioners' brief raised no claims concerning the denial of protection under the Convention Against Torture, any such claims are waived. Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

persecution as necessary to establish eligibility for asylum. <u>See</u> 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish eligibility for asylum); <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 483 (1992) (same). Moreover, as Yousaf cannot sustain his burden on the asylum claim, he cannot establish his entitlement to withholding of removal. <u>See</u> <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>